IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT
OF ARKANSAS
JONESBORO DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUL 05 2012
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

ANDREA WEST FERGUSON                                                                PLAINTIFF

VS.                                                                 CASE NO.: 3:12-CV-00170-BRW

PROASSURANCE INDEMNITY COMPANY, INC.,
ROBERT L. WARNER, JR., M.D.,
JONESBORO SURGICAL ASSOCIATES, P.A.,
ST. BERNARD'S HOSPITAL INC. D/B/A             This case assigned to District Judge Wilson
ST. BERNARD'S MEDICAL CENTER, and             and to Magistrate Judge Volpe
HEALTHCARE MEDICAL GROUP, INC

                                                                                    DEFENDANTS

## COMPLAINT
(Jury Trial Demanded)

Come the Plaintiff, Andrea West Ferguson, by and through her attorneys, and for her cause of action against ProAssurance Indemnity Company, Inc., Robert L. Warner, Jr., M.D., Jonesboro Surgical Associates, P.A., St. Bernard's Hospital Inc. d/b/a St. Bernard's Medical Center, and Healthcare Medical Group, Inc.. and states as follows:

1. Plaintiff's cause of action is for medical negligence occurring in Jonesboro, Craighead County, Arkansas.

2. The Plaintiff, Andrea West Ferguson, is a resident of Batesville, Panola County, Mississippi.

3. St. Bernard's Hospital, Inc. d/b/a St. Bernard's Regional Medical Center ("St. Bernard's") is a hospital operating in Jonesboro, Craighead County, Arkansas. St. Bernard's holds itself out to the public as providing competent medical services and through it's for profit entity, Healthcare Medical Group, Inc, operates clinical practices employing physicians that provide medical care at

St. Bernard's. ProAssurance Indemnity Company, Inc., is a foreign corporation which is the liability insurance carrier for St. Bernard's. ProAssurance Indemnity Company, Inc. is sued pursuant to Arkansas' Direct Action law in the alternative in the event that St. Bernard's claims charitable immunity.

4. Defendant, Robert L. Warner, Jr., M.D. is a resident of the State of Arkansas, practicing at St. Bernard's as a general surgeon.

5. Upon information and belief Robert L. Warner, Jr., M.D. is an employee of Jonesboro Surgical Associates, P.A., which in turn is owned and/or operated by defendant Healthcare Medical Group, Inc. which in turn is owned and/or operated by St. Bernard's. Defendants Jonesboro Surgical Associates, P.A., and/or Healthcare Medical Group, Inc. and and/or St. Bernard's are vicariously liable for the acts and omissions of their agent/employee Robert L. Warner, Jr. M.D.

6. This Court has jurisdiction of this matter pursuant to 23 U.S.C. § 1332 in that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs and complete diversity of citizenship exists in that the Plaintiff is a resident of the State of Mississippi, Defendant Warner is a resident of the State of Arkansas, and Jonesboro Surgical Associates, P.A., St. Bernard's Hospital Inc. d/b/a St. Bernard's Medical Center, and Healthcare Medical Group, Inc are Arkansas corporations and have principal place of business in the State of Arkansas. ProAssurance Indemnity Company, Inc. is organized and has principal place of business in a state other than Mississippi.

7. On June 20, 2011, the Plaintiff, Andrea West Ferguson, underwent a laparoscopic cholecystectomy for the removal of her gall bladder. During the surgery Defendant Warner and/or members of the surgical team acting at his direction, misidentified, and then severed the wrong

anatomy in at least three locations and removed a portion of the common bile duct (wrong duct). Dr. Warner also erroneously transected the Plaintiff's left and right hepatic ducts. Only the cystic duct that exits the gallbladder is to be transected during this type of gallbladder surgery and should Dr. Warner have had any question or doubt as to the anatomy the standard of care required that he convert to an open (non-laparoscopic) procedure before cutting any anatomical structures. Converting to an open procedure would have prevented the injuries.

8. Dr. Warner did not recognize the injuries to the common bile duct and the hepatic ducts, but instead discharged Andrea from the hospital, only for her to return to St. Bernard's days later, in serious condition. Tests performed on June 24 confirmed that both the right and left hepatic duct and the common bile duct had erroneously been clipped and transected. The failure of Defendant Warner to recognize these injuries before finishing the gallbladder surgery was also beneath the standard of care and resulted in bile leakage, infection, inflammation, and scarring (adhesions) that caused and/or contributed to additional damage to Andrea West's biliary system and abdominal/bowel tract that complicated and compounded the subsequent repair attempts by Defendant Warner, contributed to the failure of the repair attempts, and will also expose Andrea to the likelihood of future complications and/or surgeries related to the adhesions.

9. Each transection of each wrong bile duct was below the standard of care for a general surgeon performing this type of procedure. Once the injuries were identified, rather than refer Andrea to a specialist in biliary repair, Dr. Warner negligently chose to attempt the repair of the bile duct system. The repair surgery was attempted on June 27, 2011. Compounding the initial negligence and the initial negligent repair attempt, Dr. Warner negligently attempted a second repair attempt on November 28, 2011. Dr. Warner later again negligently attempted a third repair on

January 16, 2011.

10. That each repair attempt compounded the negligence and compounded the injury and difficulty of the repair. The decision to attempt each of the repairs was ill-advised and negligent as Dr. Warner was not a hepatico-biliary repair specialist and thus each attempt was likely to fail and predictably did fail, thereby subjecting Andrea to further damages including pain, suffering, exposure to further anesthesia, surgery, sickness, scarring, inflammation, adhesions, and future loss of hepatic bile duct length. It is likely the anastomosis of one or more of the hepatic duct(s) to the bowel loop will fail necessitating future surgery higher on the hepatic duct(s).

11. That where the hepatic duct exits the liver there is a limited length of duct. Each repair (past and future) has/will reduce the bile duct length as the repair site (anastomosis) moves up the hepatic duct towards the liver, thereby increasing the complexity of the repair and compounding the consequences when/if the repair is not successful.

12. That defendant Warner was further negligent in failing to advise Andrea and her family as to his lack of qualification to repair the initial injury, both with the initial repair and as each additional repair presented additive risks of injury and damage. Instead Dr. Warner assured Andrea and her family that this was a common complication that he was trained and qualified to address, thereby misleading her into consenting to the repair procedures that she otherwise would not have consented to.

13. That defendant Warner's negligence consisted of, but was not limited to the following:

(a)     Failing to accurately perform the laparoscopic gallbladder surgery including insufficient dissection;

(b)     Failing to properly identify the biliary anatomy prior to clipping and then cutting the

common bile duct and both hepatic ducts (three wrong ducts);

(c) Failing to perform tests to insure he was properly clipping and then cutting the proper anatomy and if in reasonable doubt, failing to convert to an open procedure;

(d) Performing "repair" surgery without the informed consent of the patient when more experienced biliary surgeons were available and should have been called in or the patient transferred since the initial repair attempt is critical to the long-term chances of the patient's biliary system;

(e) Failing to perform a cholangiogram to ensure proper identification of the anatomy;

(f) Failing to recognize the three erroneous transections of the wrong anatomy on June 20, 2011;

(g) Negligently performing multiple "repair" attempts; and,

(h) Otherwise failing to provide the degree of skill and learning that a general surgeon should provide under same or similar circumstances.

14. That as a result of the initial injury and the three unsuccessful repair attempts, Andrea is left with a biliary tract that will always be compromised as it is unlikely to remain sterile as it will be exposed to food and bacteria from the intestine due to the use of the "bypass" connecting intestine to intestine. Andrea has also lost the use of the Sphincter of Oddi that blocks flow from the intestine into the sterile biliary tree.

15. That Andrea has become a biliary cripple due to the injury suffered in the initial laparoscopic gallbladder surgery. She continues and likely will continue to have adhesions, stricturing, infection and liver damage (potentially leading to a liver transplant) as result of the initial injury an the repair attempts.

16. The numerous operative procedures have resulted in inflammation, infection, and vast internal and external scarring across and within Andrea's abdomen. The internal scarring and/or adhesions will likely cause binding or pulling on her intestines with potential intestinal blockage requiring medical care and/or surgery even if her latest "repair" holds. The anastomosis of each or both hepatic bile duct to the bowel loop is likely to stricture/fail requiring a "higher" more difficult re-attachment surgery.

17. That as a result of the external scarring, plastic surgery will be necessary to improve Andrea's appearance (and her self-concept).

18. That as a direct and proximate result of the negligence of Defendant Warner, the Plaintiff, Andrea West Ferguson, claims the following damages:

   (a)   past, present, and future pain and suffering;

   (b)   past, present, and future physical disability;

   (c)   past, present, and future medical, nursing, surgical, hospitalization and rehabilitation expenses including but not limited to future surgeries, future cosmetic surgery, and future medical care;

   (d)   past, present, and future mental anguish and/or emotional distress;

   (e)   loss of earnings and loss of future earnings capacity;

   (f)   permanent physical injury, consisting of organ damage, hepatic duct injuries, adhesions and a diminished life expectancy;

   (g)   permanent scarring; and,

   (h)   Such other damages as defendant is entitled to claim under Arkansas law.

19. Plaintiff claims unliquidated damages in an amount exceeding $75,000.00, exclusive of costs and interest, and demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff Andrea West Ferguson prays for judgment against the defendants, and each of them, jointly and severally, for damages in an amount exceeding this Court's jurisdictional limits, and for all other relief to which she may be entitled.

        Respectfully submitted,

        ANDREA WEST FERGUSON

BY: */s/ Lamar Porter*
Lamar Porter, Esq.
ABN 78128
**THE BRAD HENDRICKS LAW FIRM**
500 C Pleasant Valley Drive
Little Rock, Arkansas   72227
Phone  (501) 221-0444
Fax   (501) 661-0196
Thomas T. Dunbar (MSB#: 6231)

AND

Thomas T. Dunbar, Esq.
MSB# 6231
**DUNBAR LAW OFFICE, PC**
P.O. Box 16369
Jackson, Mississippi 39236-6369
(601)-366-3170 Phone
(601)-856-6767 Fax

**Attorneys for Plaintiff**